IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JACKY JONES dba JJ SERVICES, LLC §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>ROBERT WALLA AND JOEL §<br>GRAHAM, CITY OF TAYLOR §<br>EMPLOYEEES IN THEIR OFFICIAL §<br>CAPACITIES and THE CITY OF §<br>TAYLOR, TEXAS, §<br>§<br>Defendants. §<br>§<br>§ | No. 1:17-cv-253 |

**PLAINTIFF JACKY JONES' ORIGINAL COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES** Jacky Jones, hereinafter called Plaintiff, complaining of and about Robert Walla and the City of Taylor, Texas, hereinafter called Defendants, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

   1.   Plaintiff Jacky Jones is a Texas and United States resident, residing at 407 1/2 West Rio Grande, Taylor, Williamson County, Texas. JJ Services, LLC is a Texas Limited Liability Corporation wholly owned by Plaintiff.

   2.   Defendants Robert Walla and Joel Graham, in their official capacities, and the City of Taylor, Texas, may be served by and through its attorney, Ted Hejl at 311 Talbot Street, Taylor, Texas.  Service of said Defendants as described above can be effected by certified mail, return receipt requested.

1

**JURISDICTION**

3. The action arises under the federal Civil Rights Act, 42 USC Section 1983 as hereinafter more fully appears. Venue is proper in this district because at least one of the defendants is located in this district and all defendants are located or reside in the State of Texas. 28 USC 1391(b)(1).

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

**NATURE OF ACTION**

5 This is an action under Title 42 U.S.C. Section 1983 to correct unlawful actions taken by Defendants with respect to denying Plaintiff and his business equal access to wastewater treatment facilities owned and operated by Defendant City of Taylor on the basis of Plaintiff's race.

**FACTS**

6 JJ Services, LLC is a septic pumping business located in Taylor, where Plaintiff has been a resident for 27 years. Plaintiff's issues with Defendant City of Taylor began March 2013, when Plaintiff attempted to dump domestic hauled waste from his licensed septic pump truck at Defendant's Mustang Facility, a facility supposedly open to receive waste from licensed hauled waste companies like his.

7 Beginning in approximately March of 2013, Defendant Robert Walla, the manager of the facility, along with his boss, utilities manager Danny Thomas, and their employee Joel Graham, acted in a highly aggressive, verbally abusive, and unprofessional manner when dealing with Plaintiff. Plaintiff was working outside at the Lucky Duck Café in Taylor when Defendant Walla drove up in his City of Taylor vehicle and said, "What the fuck

are you doing dumping 11 times in a month? I told you once a week." At the end of the conversation he said, "I don't care who you tell. These are my fucking licenses. I don't want you going out there!" When Plaintiff inquired as to why, he was told, "Because that is all I'm going to let you dump. I don't have to give you a reason."

8    Following that incident, Plaintiff was at the facility and was met by Defendant Joel Graham, who chastised Plaintiff for being there, "What are you doing here? You dumped on Monday. It's Friday." He and Plaintiff had a handshake agreement that if he missed a week he could dump twice the following week. Defendant Graham continued, "I'll tell Robert and he'll run your ass off!" Plaintiff's brother-in-law was with him that day. Defendant Graham asked him, "who are you? The fucking witness?"

9    These Defendants arbitrarily limited Plaintiff's access to the facility to only one day a week. However, other companies have been allowed to dump at will with no limitations whatsoever, and several of them are unlicensed, unlike Plaintiff. This is not only illegal, but unfair and discriminatory to Plaintiff. Over the course of a two and one half year period, Plaintiff was allowed to dump only 36 times, while his fellow Taylor-based businesses, including Amanda's Port-o-Potties, dumped approximately 500 times, and B&L Toilets (which also went unlicensed for nine years) approximately 485 times.

10   Because Plaintiff's access to the facility was limited, he investigated to see what problem the facility management might have had with his operation. The only answer he ever received from facility management was, "We just don't want your shit in here." JJ services has had a perfect safety record for dumping, which cannot be said for all others who were always

allowed to dump at the facility.

11	After the highly unprofessional and heated conversation with Defendant Graham in November of 2015, (see 8 above), Plaintiff received a phone call from a facility employee named Jacob, notifying him that "We [Mustang] are no longer accepting waste." When Plaintiff asked a few clarifying questions, he discovered, incredibly, that the plant would continue to accept waste from others, just not from him. Jacob said Defendant Walla had instructed him to call with this information.

12	After Plaintiff met with Defendant City of Taylor Asst. City Manager Noel Bernal regarding these issues in January, 2016, and after TCEQ put Defendant City of Taylor on notice to improve its practices in operating the Mustang Facility, Plaintiff was surprised on February 17th of 2016 to see an unregistered and unlicensed port-a-potty truck dumping illegally at that same facility. The truck operator and the city employee present further broke the law by allowing this truck to conduct a washout on site, and Plaintiff has video footage of this incident.

13	Plaintiff is aware that the management at the Mustang Facility has now been cited twice for actively breaking the law by not following wastewater and environmental regulations of the Texas Commission on Environmental Quality (TCEQ), which has also cited an unlicensed operator who was illegally dumping at the facility, putting the environment and health of the citizens of Defendant City of Taylor at risk. The continued employment of these same responsible individuals who have also willfully discriminated against Plaintiff make the actions of Defendant City of Taylor all the more egregious and deplorable for continuing to allow city employee behavior that is, at the best reading, irresponsible on many levels.

14.	In August of 2016, Plaintiff provided the City of Taylor with a cashier's check to

4

be able to bid on 3 pieces of property on the City of Taylor's list of properties to sell. In December of 2016, the check was returned to Plaintiff and he was informed the City Council did not approve the sale of the properties and that City of Taylor was not sure what direction they wanted to go with the properties and that it might be up to 6 months before it had a decision. Plaintiff promptly went to see Asst. City Manager Noel Bernal. Plaintiff explained that he was trying to buy property for a church and gave Bernal the minister's card for the church Plaintiff was speaking about. Bernal called the minister directly and sold the property directly to him without notifying Plaintiff.

## CIVIL RIGHTS ACT

15. Plaintiff re-alleges paragraphs 1 through 14 as if fully stated herein.

16. Under section 1983, "[e]very person who under color of any statute [or] regulation of any State, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. §1983.

17. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall …deny to any person within its jurisdiction the equal protection of the laws."

18. The defendants are liable under section 1983 because they acted under color of state law when they unconstitutionally prohibited Plaintiff from having equal access to the Mustang treatment facility.

19. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 USC 1988.

## DECLARATORY JUDGMENT ACT 28 USC 2201

20. Plaintiff re-alleges paragraphs 1 through 19 as if fully stated herein.

21. Plaintiff is entitled to a declaratory judgment that the actions of Defendants violate the Equal Protection Clause.

22. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 USC 1988.

## RESPONDEAT SUPERIOR AND RATIFICATION

23. Whenever in this complaint it is alleged that the Defendants or the City of Taylor did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## GENERAL DAMAGES

24. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

	a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

	b. All reasonable and necessary costs incurred in pursuit of this suit;

	c. Expert fees as the Court deems appropriate;

	d. Inconvenience;

	e. Interest;

## EXEMPLARY DAMAGES

25. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## **MENTAL ANGUISH**

26. As a result of the irrational and unacceptable behavior on the part of Defendant City of Taylor and its employees, Plaintiff has suffered continuously in numerous facets of his life since these incidents began. There is no obvious or reasonable reason as to why his company was limited and then denied access to the Mustang facility, while others continued dump at will. The only plausible reason is blatant racial discrimination.

27. The economic losses Plaintiff has incurred are nothing compared to the emotional trauma this has inflicted on Plaintiff and his family.  Plaintiff is justifiably concerned that other City of Taylor employees will discriminate against him, just as Defendant Walla and the other employees did, and Plaintiff is afraid that Defendant City of Taylor will fail to hold those employees responsible because that is exactly what happened with this incident. Plaintiff was denied access to a facility and verbally abused based solely on his race.   Defendant Walla has not received so much as a letter of reprimand for the atrocious behavior he exhibited.  Defendant Walla should no longer be allowed to hold public employment in the City of Taylor as he certainly is not demonstrably able to equally serve all of the citizens of the City of Taylor.

## SPECIFIC RELIEF

28. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendants described hereinabove:

    a. Payment of $241,740 to compensate Plaintiff for lost business and lost business opportunity due to the actions of Defendants.

    b. A permanent injunction against the City of Taylor and its employees, prohibiting it from discriminating against Plaintiff, and requiring equal access for Plaintiff, in the provision of or access to any and all city programs, services or facilities of any kind.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

   /s/Roger B. Borgelt
Roger B. Borgelt
(Texas Bar No. 02667960)
Borgelt Law
614 S Capital of Texas Hwy
Austin, Texas 78746
512-600-3467
roger@borgeltlaw.com
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**